1 | PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2 | KAREL ROCHA, SBN 212413
krocha@pnbd.com
3 | JASON MEYER, SBN 299032
jmeyer@pnbd.com
4 | 2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
5 | Phone No.:  (714) 547-2444
Fax No.:    (714) 835-2889
6
7 | Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.
8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

| | |
|---|---|
| 12 NATIONAL UNION FIRE INSURANCE COMPANY OF 13 PITTSBURGH, PA., as assignee and subrogee of TA TP Topco, Inc. and 14 Towne Park, LLC, | Case No. **COMPLAINT** |
| 15    Plaintiff, | |
| 16    v. | |
| 17 IAN AKINS, an individual; OMAR ALCARAZ, an individual; JONNI 18 ESTRADA ALVAREZ, an individual; JOSEPH ALVAREZ, an individual; 19 KEVIN FLORES, an individual; JONATHAN GARZA, an individual; 20 CHRISTOPHER HERNANDEZ, an individual; JAMES MARKHAM, III, 21 an individual; ERICK ORTEGA, an individual; and JOSE SIOPONGCO, an 22 individual, | |
| 23    Defendants. | |

24

25    Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as

26 assignee and subrogee of TA TP Topco, Inc. and Towne Park, LLC, by and through

27 its attorneys, files a Complaint against Defendants, Ian Akins, an individual; Omar

28 Alcaraz, an individual; Jonni Estrada Alvarez, an individual; Joseph Alvarez, an

individual; Kevin Flores, an individual; Jonathan Garza, an individual; Christopher Hernandez, an individual; James Markham, III, an individual; Erick Ortega, an individual; and Jose Siopongco, an individual (collectively, "Defendants"), and in support thereof avers the following:

## PARTIES

1. Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a corporation formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 175 Water Street, New York, New York 10038.

2. Defendant, Ian Akins, is an individual person who resides at 848 S. State College Boulevard, Anaheim, California 92806.

3. Defendant, Omar Alcaraz, is an individual person who resides at 1377 Electra Avenue, Rowland Heights, California 91748.

4. Defendant, Jonni Estrada Alvarez, is an individual person who resides at 3148 Garnet Lane, Apt. C, Fullerton, California 92831.

5. Defendant, Joseph Alvarez, is an individual person who resides at 8729 Graves Avenue, Apt. 2A, Santee, California 92071.

6. Defendant, Kevin Flores, is an individual person who resides at 1823 E. Bassett Way, Anaheim, California 92805.

7. Defendant, Jonathan Garza, is an individual person who resides at 12006 Holston Avenue, La Mirada, California 90638.

8. Defendant, Christopher Hernandez, is an individual person who resides at 1018 S. Shannon Street, Santa Ana, California 92704.

9. Defendant, James Markham, III, is an individual person who resides at 278 N. Paseo Rio Blanco, Anaheim, California 92807.

10. Defendant, Erick Ortega, is an individual person who resides at 2626 E. Santa Fe Avenue, Fullerton, California 92831.

///

11. Defendant, Jose Siopongco, is an individual person who resides at 1803 E. Wardlow Road, Apt. 19, Long Beach, California 90807.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

14. Defendants were employed as parking valets by Towne Park, LLC ("Towne Park"), a valet parking service provider.

15. Towne Park was contracted by Children's Hospital of Orange County ("CHOC") and St. Joseph Hospital ("SJH") in Orange County, California to provide valet parking services for visitors of CHOC and SJH.

16. Towne Park assigned Defendants to perform valet parking, on behalf of Towne Park, at CHOC and SJH.

17. As parking valets, Defendants were responsible for collecting cash payments from visitors of CHOC and SJH for valet parking and providing the cash payments collected to CHOC and SJH.

18. From 2014 through May, 2018, Defendants engaged in a scheme whereby they kept cash payments made by visitors of CHOC and SJH rather than provide the cash payments to CHOC and SJH as required.

19. Defendants were able to conceal their scheme from Towne Park, CHOC and SJH by manipulating parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did.

20. In total, Defendants misappropriated $839,150.00 through this scheme.

21. On May 30, 2018, Towne Park discovered Defendants' theft. and subsequently terminated Defendants' employment with Towne Park.

///

22. Upon questioning from Towne Park representatives, several Defendants confessed to their participation in the theft.

23. Defendants failed and refused to return the $839,150.00 to CHOC and SJH.

24. Accordingly, Towne Park issued payment of $839,150.00 to CHOC and SJH to reimburse CHOC and SJH for the loss caused by Defendants' theft.

25. As such, Towne Park is equitably subrogated to the CHOC and SJH.

26. National Union issued a policy of insurance (No. 07-505-28-11) (the "Policy") to Towne Park in which National Union agreed to insure Towne Park for losses sustained due to employee dishonesty.

27. Pursuant to the Policy, National Union indemnified Towne Park for the losses that Towne Park sustained as a result of the theft by Defendants.

28. As a result of indemnifying Towne Park, National Union has become subrogated to Towne Park.

29. Additionally, Towne Park assigned to National Union all of the rights, claims and causes of action that it has against Defendants related to Defendants' scheme.

30. Despite demand, Defendants have not returned any portion of the $839,150 to Towne Park or National Union.

## COUNT I

### FRAUD

**Against All Defendants**

31. National Union repeats and realleges the above allegations as if set forth herein.

32. By manipulating parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did, Defendants misrepresented the legitimacy of the parking records and the revenue generated therefrom.

/ / /

33. The misrepresentations were made by Defendants with knowledge of their falsity and with the intent to defraud CHOC and SJH.

34. CHOC and SJH did justifiably rely upon the misrepresentations of Defendants when they accepted Defendants' representations regarding parking revenue as true and permitted Defendants to continue to valet park vehicles at their facilities.

35. The conduct of Defendants was wanton and willful and committed with actual malice.

36. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH.

37. As a result of the fraud committed by Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of punitive damages in addition to compensatory damages.

## COUNT II
## CONVERSION
### Against All Defendants

38. National Union repeats and realleges the above allegations as if set forth herein.

39. CHOC and SJH were the rightful possessor and owner of $839,150.00.

40. Without the consent of CHOC and SJH and without lawful justification, Defendants deprived CHOC and SJH of their rightful possession and ownership of $839,150.00 by keeping cash payments made by hospital visitors rather than providing the cash payments to CHOC and SJH as required.

41. Despite demand, Defendants have not returned the $839,150.00 that they converted.

42. The actions of Defendants were wanton, willful and committed with actual malice.

///

43. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH.

44. As a result of the conversion by Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of punitive damages in addition to compensatory damages.

## COUNT III

### BREACH OF FIDUCIARY DUTY

### Against All Defendants

45. National Union repeats and realleges the above allegations as if set forth herein.

46. As parking valets with access to and possession of the parking revenue of CHOC and SJH, Defendants owed a fiduciary duty to CHOC and SJH to act their best interests and to refrain from stealing from them.

47. Defendants breached their fiduciary duty owed to CHOC and SJH by manipulating parking records and receipts and misappropriating funds from CHOC and SJH as detailed above.

48. The actions of Defendants were wanton, willful and committed with actual malice.

49. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH.

50. As a result of the breach of fiduciary duty by Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of punitive damages in addition to compensatory damages.

## COUNT IV

### CIVIL CONSPIRACY

### Against All Defendants

51. National Union repeats and realleges the above allegations as if set forth herein.

52. Defendants agreed to defraud CHOC and SJH by keeping cash payments made by hospital visitors rather than providing the cash payments to CHOC and SJH as required.

53. Defendants further agreed to conceal their fraud by manipulating parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did.

54. In furtherance of their conspiracy to defraud CHOC and SJH, Defendants committed the unlawful acts as referenced above in order to defraud CHOC and SJH and conceal their theft from CHOC and SJH.

55. The actions of Defendants were wanton, willful and committed with actual malice.

56. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH.

57. As a result of the actions of Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of punitive damages in addition to compensatory damages.

## COUNT V
### UNJUST ENRICHMENT/RESTITUTION
### Against All Defendants

58. National Union repeats and realleges the above allegations as if set forth herein.

59. Defendants obtained a benefit from CHOC and SJH in the total amount of $839,150.00 through their misappropriation of funds from CHOC and SJH.

60. Despite demand for repayment, Defendants have retained such benefit by not returning $839,150.00 to CHOC or SJH.

61. It is inequitable and unjust for Defendants to continue to retain the benefit that they received at the expense of CHOC and SJH, $839,150.00, without disgorging such benefit.

62. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH.

63. As a result of Defendants' actions, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of compensatory damages in that amount.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendants for compensatory damages in the amount of $839,150.00, together with interest, costs and all further relief that the Court determines to be appropriate.

DATED: April 15, 2021

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation

By:  /s/ Karel Rocha
KAREL ROCHA
JASON MEYER
Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.