PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
KAREL ROCHA, SBN 212413
krocha@pnbd.com
JASON MEYER, SBN 299032
jmeyer@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.: (714) 547-2444
Fax No.:   (714) 835-2889

Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as assignee and subrogee of TA TP Topco, Inc. and Towne Park, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IAN AKINS, an individual; OMAR ALCARAZ, an individual; JONNI ESTRADA ALVAREZ, an individual; JOSEPH ALVAREZ, an individual; KEVIN FLORES, an individual; JONATHAN GARZA, an individual; CHRISTOPHER HERNANDEZ, an individual; JAMES MARKHAM, III, an individual;  ERICK ORTEGA, an individual; and JOSE SIOPONGCO, an individual,<br><br>　　　　　Defendants. | Case No. 8:21−cv−00700−JLS−JDE<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT UNDER FRCP 55(b)**<br><br>Honorable  Josephine L. Staton<br><br><br>Date:　January 13, 2023<br>Time:　10:30 a.m.<br><br>[Filed Concurrently with Declaration of Heather Leibowitz] |

**TO DEFENDANTS AND OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT Plaintiff National Union Fire Insurance Company Of Pittsburgh, PA ("Plaintiff") (as assignee and subrogee of TA TP Topco, Inc. and Towne Park, LLC ("Towne Park")), will and hereby does present this Motion

for Default Judgment and supporting Declaration so that judgment will be entered against Defendants OMAR ALCARAZ, JOSEPH ALVAREZ, JAMES MARKHAM, III, and ERICK ORTEGA (hereinafter collectively referred to as "Defendants"). Pursuant to Fed. R. Civ. P. 55 (b), Plaintiff seeks entry of default judgment against Defendants on terms set forth in the accompanying proposed Default Judgment.

By declaration, Plaintiff will present proof of the following matters:

Defendants are not infants or incompetent persons or in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), and Defendants have not appeared in this action; and

Plaintiff is entitled to judgment against Defendants on the claims pleaded in the Complaint, namely, that Defendants have worked together in an effort to convert Plaintiff's property through fraud and as a result have been unjustly enriched.

This Motion is based on this Notice and Motion and Memorandum of Points and Authorities, the Declaration of Heather Leibowitz filed concurrently herewith, and the pleadings on file with the Court.

DATED: October 18, 2022    PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation


By:    /s/ Karel Rocha
KAREL ROCHA
JASON MEYER
Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE LITIGATION

On April 15, 2021, Plaintiff National Union Fire Insurance Company Of Pittsburgh, PA ("Plaintiff" or National "Union") (as assignee and subrogee of TA TP Topco, Inc. and Towne Park, LLC ("Towne Park")) filed its Complaint, which included the following claims against Defendants OMAR ALCARAZ, JOSEPH ALVAREZ, JAMES MARKHAM, III, and ERICK ORTEGA (hereinafter collectively referred to as "Defendants") of Fraud (Count I), Conversion (Count II); Breach of Fiduciary Duty (Count III); Civil Conspiracy (Count IV); and Unjust Enrichment/Restitution (Count V);

On August 11, 2021, a clerk's default was entered against Defendant OMAR ALCARAZ. Docket No. 30.

On August 11, 2021, a clerk's default was entered against Defendant JOSEPH ALVAREZ. Docket No. 27.

On August 11, 2021, a clerk's default was entered against Defendant JAMES MARKHAM, III. Docket No. 29.

On August 11, 2021, a clerk's default was entered against Defendant ERICK ORTEGA. Docket No. 28.

To date, Plaintiff has not been compensated for its damages related to the actions of Defendants. Consequently, Plaintiff is requesting a default final judgment against Defendants.

None of the Defendants are an infant or incompetent person or in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). Heather Leibowitz Decl., ¶57 and Exhibit "K." Defendants have not appeared in this action and therefore are not entitled to the seven (7) days notice under Rule 55(b) of the Federal Rules of Civil Procedure. Heather Leibowitz Decl., ¶¶ 9-10. Nonetheless, Plaintiff is providing notice to Defendants of this application for default judgment by service on Defendants of this application.

## II. THE COURT SHOULD USE ITS DISCRETION TO ENTER THE DEFAULT JUDGMENT AGAINST THE DEFENDANTS

In *Eitel v. McCool*, (9th Cir. 1986) 782 F2d 1470, 1471-1472, the court set forth a list of factors that may be considered in exercising discretion to enter default judgment. These factors include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiffs substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. In considering the above factors, the Court takes all factual allegations in the complaint as true, except for those relating to damages. See *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir.1987). These factors will be discussed below.

### A. The Possibility of Prejudice to Plaintiff

As discussed below, Plaintiff's claims for Fraud, Conversion, Breach of Fiduciary Duty, Civil Conspiracy, and Unjust Enrichment/Restitution are all meritorious. If the court were to deny Plaintiff's Motion for Default Judgment, Plaintiffs would have no other recourse for recovery for the fraudulent and unlawful conduct that has occurred. See *Walters v. Shaw-Guehnemann Corp.*, 2004 U.S. Dist. LEXIS 11992 at *7 (N.D. Cal. April 15, 2004) ("to deny plaintiff's motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claim"). *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal.2002) ("If Plaintiff's motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Accordingly, the first *Eitel* factor, the possibility of prejudice to the plaintiffs, weighs heavily in favor of granting the default judgment.

/ / /

/ / /

**B.     The Merits of Plaintiffs Substantive Claims And The Sufficiency of the Complaint**

The second and third *Eitel* factors, concerning the merits of Plaintiff's substantive claims and the sufficiency of its complaint, also weigh in favor of entering a default judgment. By defaulting in this case, the Defendants have admitted liability on the well-pleaded allegations in the Complaint, except those regarding damages. See *Fair Housing of Marin v. Combs*, 285 F. 3d 899, 906 (9th Cir. 2002). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1986); cf. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (default conclusively establishes liability of the defaulting party).

In the case at bar, the Complaint alleges five cause of action which include: Fraud (Count I), Conversion (Count II); Breach of Fiduciary Duty (Count III); Civil Conspiracy (Count IV); and Unjust Enrichment/Restitution (Count V). Plaintiff herein shows that it has met the requirements of the second and third *Eitel* requirements.

**(i)     Fraud**

Plaintiff's claim for fraud is meritorious. The elements of a cause of action for fraud in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843, 938 P.2d 903 (Cal.1997).

Here, During the scheme, Defendants falsely reported parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did. Defendants made such misrepresentations with knowledge of their falsity and with the intent to defraud CHOC and SJH. CHOC and SJH reasonably relied on Defendants' misrepresentations when they accepted Defendants' representations

regarding parking revenue as true and permitted Defendants to continue to valet park vehicles at their facilities.

Defendants' conduct was wanton and willful and committed with actual malice. Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH. As a result of Defendants' actions, Towne Park, and thus National Union, maintains a loss in the amount of $839,150.00. (Complaint ¶¶14-30 and 31-37; Heather Leibowitz Decl. ¶¶8-26, 27-32, 55-56 and Exhibits "I" and "J").

### (ii) Conversion

The second count is for conversion. California courts generally identifies three elements required to establish a cause of action for conversion: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the Defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *PCP, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,* 150 Cal.App.4th 384, 395, 58 Cal.Rptr.3d 516 (Ct.App.2007).

Here, the funds misappropriated by Defendants belonged to CHOC and SJH. Without the consent of CHOC and SJH, Defendants took possession of the funds and deprived by CHOC and SJH of their rightful possession and ownership of $839,150.00 by keeping cash payments made by hospital visitors rather than providing the cash payments to CHOC and SJH as required.

Despite demand, Defendants have not returned the $839,150.00 that they converted. Defendants' conduct was willful and committed with malice and entire want of care thereby raising the presumption of conscious indifference to consequences. Defendants kept the funds that they received for their own benefit.

///
///
///
///

Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH. Towne Park, and thus Plaintiff maintains a loss of $839,150.00 due to the actions of the Defendants. (Complaint ¶¶14-30 and 38-44; Heather Leibowitz Decl. ¶¶8-26, 33-39, 55-56 and Exhibits "I" and "J").

### (iii) Breach of Fiduciary Duty

In order to succeed on a claim of Breach of Fiduciary Duty, Plaintiff must establish that (1) the defendant owed a legal duty of care to Plaintiffs, (2) the defendant breached that duty of care, and (3) that the Plaintiffs suffered actual loss or damages as a proximate or legal result of the breach. (United States Liab. Co. v. Haidinger-Hayes, Inc. (1970) 1 Cal.3d 586, 594).

Here, As parking valets with access to and possession of the parking revenue of CHOC and SJH, Defendants owed a fiduciary duty to CHOC and SJH to act their best interests and to refrain from stealing from them. Defendants breached their fiduciary duty owed to CHOC and SJH by manipulating parking records and receipts and misappropriating funds from CHOC and SJH as detailed above. The actions of Defendants were wanton, willful and committed with actual malice.

Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH. As a result of the breach of fiduciary duty by Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of its costs in addition to compensatory damages.

(Complaint ¶¶14-30 and 45-50; Heather Leibowitz Decl. ¶¶8-26, 40-44, 55-56 and Exhibits "I" and "J").

### (iv) Civil Conspiracy

In order to state a claim under the common law tort of civil conspiracy in California, Plaintiff must allege "(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting."

*Duncan v. Stuetzle*, 76 F.3d 1480, 1491 (9th Cir. 1995) (citation omitted). Plaintiff's Complaint meets these requirements, alleging that Defendants were involved in a scheme with each other to steal CHOC and SJH's property and that Plaintiff was damaged as the subrogee and assignee of Towne Park.

Specifically, Defendants agreed to defraud CHOC and SJH by keeping cash payments made by hospital visitors rather than providing the cash payments to CHOC and SJH as required. Defendants further agreed to conceal their fraud by manipulating parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did. In furtherance of their conspiracy to defraud CHOC and SJH, Defendants committed the unlawful acts as referenced above in order to defraud CHOC and SJH and conceal their theft from CHOC and SJH. The actions of Defendants were wanton, willful and committed with actual malice.

Towne Park reimbursed CHOC and SJH for the damage caused by Defendants and is thus equitably subrogated to CHOC and SJH. As a result of the actions of Defendants, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of its costs in addition to compensatory damages. (Complaint ¶¶14-30 and 51-57; Heather Leibowitz Decl. ¶¶8-26, 45-50, 55-56 and Exhibits "I" and "J").

### (v) Unjust Enrichment/Restitution

"[T]he elements of a claim of unjust enrichment [are] receipt of a benefit and unjust retention of that benefit at the expense of another." *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726-28 (2000). "Under the law of restitution, [a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another." *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (Cal. Ct. App. 2004) (citation and internal quotation marks omitted).

Unjust enrichment appears to be- "synonymous" with restitution, which is a viable cause of action under California law. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). Under either theory of recovery, the law operates by

imposing an implied or quasi-contract on the parties in order to avoid unjust enrichment. See *Paracor Finance, Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *McBride*, 123 Cal. App. 4th at 388, n.6.

Here, Defendants obtained a benefit from CHOC and SJH in the total amount of $839,150.00 through their misappropriation of funds from CHOC and SJH. Despite demand for repayment, Defendants have retained such benefit by not returning $839,150.00 to CHOC or SJH. It is inequitable for Defendants to continue to retain the benefit they received at the expense of CHOC and SJH, $839,150.00, without disgorging such benefit.

As a result of Defendants' actions, Towne Park, and thus National Union, suffered a loss in the principal amount of $839,150.00 and is entitled to an award of compensatory damages in that amount. (Complaint ¶¶14-30 and 58-63; Heather Leibowitz Decl. ¶¶8-26, 51-56 and Exhibits "I" and "J").

### C. The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the court considers the amount of money at stake. Here, although the amounts sought are relatively large, the proof provided shows that the Defendants owe the money at issue. In the case at bar, based on the attached Declarations, calculations, and the documentation showing the amounts owed, the amount at stake is reasonable. See *Walters v. Shaw-Guehnemann Corp.*, 2004 U.S. Dist. LEXIS 11992 (finding Plaintiff's calculations of damages and attorney's fees reasonable based on Plaintiff's sworn declarations and other documentation submitted by Plaintiffs).

### D. The Possibility of a Dispute Concerning Material Facts

There does not appear to be any dispute concerning the material facts of this case. As the clerk of the court has already entered default, the Court takes all well-pleaded facts, except those pertaining to damages as true and Defendants have not made any effort to challenge the Complaint or otherwise appear in this case. See *Televideo*, supra.

### E. Whether the Default was Due to Excusable Neglect

There is little possibility of excusable neglect. Defendants were served with the Complaint and the Summons. The Defendants were made aware that their default was being taken and that judgment was being sought. The Defendants have received notices of their default, along with copies of the Requests for Entry of Default, the instant Application for Default Judgment, and have still failed to retain counsel or defend against the allegations made in the complaint. See *Phillip Morris U.S.A. Inc. v. Cass World Products, Inc.* 219 F.R.D. 494, 501 (CD. Ca.. 2003) (finding that the possibility of excusable neglect was remote, where Defendants received notice of the complaint and motion for default judgment, but failed to respond to either, and "[i]n light of the multiple notices received to Defendants regarding the pending lawsuit, an extended period of time has elapsed, and Defendants' resistance to plaintiff's attempts to resolve this matter through settlement (end)." Here, there is little possibility of excusable neglect and this factor weighs in favor of granting default judgment in this matter.

### F. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Although default judgments are generally disfavored, and cases should be decided upon their merits whenever reasonably possible, the "preference for adjudication on the merits, standing alone, is not dispositive." See *Pepsico, Inc. v. Cal. Sec. Cans*, Supra. When Defendants fail to defend in an action, a judgment on the merits is impractical, if not impossible. See *Cass World Products*, supra.

Further, if the motion for default judgment were to be denied, then Plaintiff would likely be without a remedy. See *Walters v. Shaw/Guehnemann Corp.*, Supra. "To deny plaintiffs motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claims."); *Pepsico, Inc. v. Cal. Sec. Cans*, Supra("If Plaintiff's motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."

In fact, a Default judgment must normally be viewed as available when the adversary process has been halted because of an essentially unresponsive party. In such an instance the diligent party "must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, C.A.D.C.1970, 432 F.2d 689, 139 U.S.App.D.C. 256. In such a case, the Court is empowered to enter default judgment against Defendants who fails to defend its case. *Flynn v. Williams Masonry*, D.D.C.2005, 233 F.R.D. 176, amended 444 F.Supp.2d 221.

### III. DAMAGES AND OTHER RELIEF

Compensatory Damages. Plaintiff has suffered compensatory damages in the amount of $839,150.00. See Compl. ¶¶14-30, 37, 44, 50, 57, and 63; and Heather Leibowitz Decl. ¶¶20-21, 25, 32, 39, 44, 49, 54 - 56 and Exhibits "I" and "J").

In total Plaintiff has been damaged in the amount of $839,150.00 plus $1,205.50 in costs for a total judgment amount of $840,355.50.

### IV. ENTRY OF A DEFAULT JUDGMENT DOES NOT REQUIRE A FORMAL HEARING

A formal court hearing is not required for entry of a default judgment in the present proceeding. Instead, Plaintiff may submit its evidence in the form of declarations or affidavits, and the Court may base its judgment entirely on the affidavits or declaration submitted. *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981). See also *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("The Federal Rules of Civil Procedure [Rule 55(b)], contrary to the reading the appellant would ascribe, does not require an evidentiary hearing.... The rule explicitly grants the district court wide latitude.")

Here, Plaintiff's evidence has been submitted through both the Complaint and the attached declaration of Heather Leibowitz. Accordingly, no hearing is required for the court to enter this default judgment.

///

Applications for default judgment in the Central District of California are subject to the additional requirements of Local Rule 55-1, which provides as follows:

> When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b)(l) and/or (2) and include the following:
>
> (a) When and against what party the default was entered;
>
> (b) The identification of the pleading to which default was entered;
>
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
>
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
>
> (e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

Furthermore, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations. Notice must be given to the defaulting party of the amount requested ..." Local Rule 55-2.

This application identifies Defendants as the defaulting parties and Plaintiff's complaint as the pleading as to which these parties have defaulted. In addition, the defaulting parties are neither infants nor incompetent persons, nor are they entitled to the protection of the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) (Heather Leibowitz Decl., ¶ 57 and Exhibit "K".)

Furthermore, Plaintiff has provided evidentiary support in the form of the declaration of Heather Leibowitz for the unliquidated damages it seeks. Finally, because none of the defaulting parties have appeared in the action, Plaintiff is not required to provide notice of the instant application for default judgment. See Fed. R. Civ. P. 55(b)(2). Plaintiff has therefore satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1 in connection with this application.

/ / /

## V. CONCLUSION

Based on the foregoing, it is respectfully requested that the Court enter default judgment against Defendants as requested herein.

DATED: October 18, 2022

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation

By:    /s/ Karel Rocha
KAREL ROCHA
JASON MEYER
Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

# PROOF OF SERVICE

## Case No. 8:21-cv-00700-JLS-JDE

**STATE OF , COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On October 18, 2022, I served true copies of the following document described as **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT UNDER FRCP 55(B)** on the interested parties in this action as follows:

Omar Alcaraz
1377 Electra Ave.
Rowland Heights, CA 91748

Joseph Alvarez
8729 Graves Ave., #2A
Santee, CA 92071

James Markham, III
278 N. Paseo Rio Blanco
Anaheim, CA 92708

Erick Ortega
2626 E. Santa Fe Ave.
Fullerton, CA 92831

**BY FEDEX**: I enclosed said document in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 18, 2022, at Santa Ana, California.

/s/ Maria Christina Aranda
Maria Christina Aranda

9477.0014 / 02462134.1

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT