UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:21-cv-00700-JLS-JDE                                               Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 53)**

Before the Court is a Motion for Default Judgment filed by Plaintiff National Union Fire Insurance Company of Pittsburg, PA.  (Mot., Doc. 53.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for January 13, 2023 at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Plaintiff's Motion.

**I.     BACKGROUND**

Defendants[1] were employed as parking valets by Towne Park, LLC ("Towne Park"), a valet parking service provider.  (Compl. ¶ 14, Doc. 1.)  Towne Park was contracted by Children's Hospital of Orange County ("CHOC") and St. Joseph Hospital

---

[1] The Complaint names the following individuals as Defendants: Ian Akins, Omar Alcaraz, Jonni Estrada Alvarez, Joseph Alvarez, Kevin Flores, Jonathan Garza, Christopher Hernandez, James Markham III, Erick Ortega, and Jose Siopongco.  (Compl. ¶¶ 2–11.)  On August, 18, 2021, Akins and Hernandez were dismissed from the action.  (Doc. 33.)  On September 7, 2021, Jonni Estrada Alvarez was dismissed from the action pursuant to a joint stipulation.  (Docs. 36, 38.)  On March 24, 2022, Flores was dismissed from the action.  (Doc. 47.)  On August 5, 2022, Siopongco was dismissed from the action pursuant to an application filed by Plaintiff.  (Docs. 48, 49.)  Alcaraz, Joseph Alvarez, Garza, Markham, Ortega are the remaining Defendants, but Plaintiff is not seeking judgment against Garza.  (*See* Mot. at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                                                 Date: December 21, 2022

Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

("SJH") in Orange County, California to provide valet parking services for visitors of CHOC and SJH.  (*Id.* ¶ 15.)  Towne Park assigned Defendants to perform valet parking, on behalf of Towne Park, at CHOC and SJH. (*Id.* ¶ 16.)  As parking valets, Defendants were responsible for collecting cash payments from visitors of CHOC and SJH for valet parking and providing the cash payments collected to CHOC and SJH.  (*Id.* ¶ 17.)  Starting at some time in 2014 until May, 2018, Defendants engaged in a scheme whereby they kept cash payments made by visitors of CHOC and SJH instead of providing the cash payments to CHOC and SJH as required. (*Id.* ¶ 18.)  Defendants concealed their scheme from Towne Park, CHOC and SJH by manipulating parking records and receipts so that it appeared that fewer visitors valet parked their vehicles than actually did.  (*Id.* ¶ 19.)  In total, Defendants misappropriated $839,150. (*Id.* ¶ 20.)

On May 30, 2018, Towne Park discovered the scheme and terminated Defendants' employment at Towne Park.  (*Id.* ¶ 21.)  Several Defendants admitted to Towne Park that they participated in this scheme.  (*Id.* ¶ 22.)  Defendants refused to return the misappropriated $839,150 to CHOC and SJH.  (*Id.* ¶ 23.)  Towne Park issued a payment of $839,150 to reimburse CHOC and SJH for the loss Defendants caused.  (*Id.* ¶ 24.)  Towne Parke is equitably subrogated to CHOC and SJH.  (*Id.* ¶ 25.)

Plaintiff National Union Fire Insurance Company of Pittsburg, PA issued an insurance policy to Towne Park whereby Plaintiff agreed to insure Towne Park for losses sustained due to employee dishonesty.  (*Id.* ¶ 26.)  Plaintiff indemnified Towne Park for the losses sustained as a result of Defendants' scheme.  (*Id.* ¶ 27.)  Consequently, Plaintiff is subrogated to Towne Park.  (*Id.* ¶ 28.)  Towne Park has assigned to Plaintiff all rights, claims, and causes of action that is has against Defendants arising from their scheme.  (*Id.* ¶ 29.)

On April 15, 2021, Plaintiff filed the instant action against Defendants.  (*See* Compl.)  Plaintiff asserts against all defendants claims for: (1) fraud; (2) conversion; (3) breach of fiduciary duty; (4) civil conspiracy; and (5) unjust enrichment.  (*Id.* ¶¶ 31–63.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                    Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

The Complaint seeks compensatory damages of $839,150, as well as interest and costs. (*Id.* at 8.)

Alvarez was served with the Complaint on April 22, 2021.  (Doc. 9.)  Ortega was served on May 3, 2021.  (Doc. 11.)  Markham was served on June 6, 2021.  (Doc. 18.)  Alcaraz was served on July 12, 2021.  (Doc. 19.)  The Clerk entered default against all four Defendants on August 11, 2021.  (Docs. 27, 28, 29, 30.)  Plaintiff first applied for default judgment on August 25, 2022.  (Doc. 51.)  The Court struck that application due to Plaintiff's failure to set a hearing date for it.  (Doc. 52.)  Plaintiff filed the instant Motion on October 18, 2022.  (Doc. 53.)  Plaintiff seeks $839,150 in damages and $1,205.50 in costs.  (Mot. at 11.)

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default *judgment* must be preceded by an entry of default.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (cleaned up).  "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                    Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).  This is because the allegations of the amount of damages suffered are not taken as true.  *See Geddes*, 559 F.2d at 560.

### III.     DISCUSSION

####     A.     Local Rule 55-1

Plaintiff's Motion complies with Local Rule 55-1.  Plaintiff accompanied this Motion with sworn declarations stating the pleading on which default was entered and when it was entered, that no Defendant is an infant or incompetent person, and that the Servicemembers Civil Relief Act does not apply. (Leibowitz Decl. ¶¶ 9, 57 & Ex. K, Docs. 53-1, 53-2; Rocha Decl. ¶ 7 & Ex. 1, Docs. 53-3, 53-4.)  Because Defendants have not appeared in this case, service of the Motion is not required.  C.D. Cal. R. 55-1.  Nevertheless, Plaintiff's counsel served Defendants with a copy of the Motion and concurrently filed documents on August 23, 2022.  (Mot. at 3.)  The requirements of Local Rule 55-1 have therefore been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                              Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

### B.     *Eitel* Factors

#### 1.     Possibility of Prejudice to Plaintiff

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger*, 725 F. Supp. 2d at 920.  Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy.  *See id*.  Here, Defendants have elected not to respond to the complaint, thereby "denying [Plaintiff] [his] right to have [his] claim heard and to seek relief."  *Custer v. Cristo Armstrong Powers, Inc.*, 2020 WL 5223559, at *1 (C.D. Cal. July 7, 2020); *accord Evans v. Creditor's Specialty Serv., Inc.*, 2016 WL 730277, at *2 (N.D. Cal. Feb. 24, 2016).  Accordingly, the first *Eitel* factor weighs in favor of granting default judgment.

#### 2.     Merits of Claims and Sufficiency of Complaint

The next two *Eitel* factors go to Plaintiff's likelihood of success on the merits.  Under these two factors, plaintiffs seeking default judgments must "state a claim on which the[y] [] may recover."  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (cleaned up).  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default."  *Bd. of Trustees of Sheet Metal Workers v. Moak*, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)).  Here, Plaintiff seeks default judgment against Defendants based on different theories: fraud, conversion, breach of fiduciary duty, civil conspiracy, and unjust enrichment.  Because Plaintiff's causes of action are pleaded in the alternative and Plaintiff seeks to recover the same amount of money under each of its claims, the Court need only consider whether Plaintiff's allegations are sufficient to support one of those causes of action.

"The elements of a conversion claim are:  (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                    Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

disposition of property rights; and (3) damages." *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014).  As to the first element, Plaintiff alleges that Defendants misappropriated funds that belonged to CHOC and SJH.  (Compl. ¶¶ 14–30, 38–44.)  According to Plaintiff, Defendants formed a scheme that "deprived CHOC and SJH of their rightful possession and ownership of $839,150 by keeping cash payments made by hospital visitors rather than providing the cash payments to CHOC and SJH as required." (*Id.* ¶ 40.)  After Defendants' employer, Towne Park, discovered their misappropriation of the funds, it demanded return of the $839,150 Defendants had taken, but Defendants refused to return the funds.  (*Id.* ¶¶ 23, 41.)  As to the second element, Plaintiff alleges that Defendants' scheme was deceptive, unlawful, and unjustified.  (*Id.* ¶¶ 19, 39–42.)  Last, regarding the third element, Plaintiff alleges that as a consequence of Defendants' scheme, Towne Park, and subsequently Plaintiff, sustained a loss of $839,150.  (*Id.* ¶¶ 24–25, 44.)  Plaintiff sufficiently states a claim for conversion upon which it may recover.  Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3. Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (cleaned up).

Here, Plaintiff seeks $839,150 in damages.  Plaintiff's allegations describe a fraudulent scheme spanning approximately four years and are supported by Defendants' signed admissions and a forensic analysis that sets forth the losses incurred by CHOC and SJH as a result of the scheme.  (Leibowitz Decl. Exs. E–I, Doc. 53-2 at 9–33.)  And while the amount of money at stake is significant, the damages that Plaintiff seeks are reasonably proportionate to the conduct alleged and the losses incurred.  Accordingly, the fourth *Eitel* factor weighs in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                                        Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

### 4. Possibility of Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010).  "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (cleaned up); *see also Landstar Ranger*, 725 F. Supp. 2d at 921–22 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").

As discussed, Plaintiff has adequately alleged a claim of conversion against Defendants and provided evidence to support that claim.  The Court therefore concludes that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177.  This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *See id.* (concluding this factor favored default judgment where defendant was properly served and contacted plaintiffs' counsel to discuss the matter).  Here, Defendants were properly served with the Complaint.  (*See* Docs. 9, 11, 18, 19.)  The sixth *Eitel* factor weighs in favor of granting default judgment.

### 6. Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00700-JLS-JDE             Date: December 21, 2022

Title: National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

2d at 1061. Although "[c]ases should be decided upon their merits whenever reasonably possible[,]" *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action[,]" *PepsiCo*, 238 F. Supp. 2d at 1177. Notwithstanding the strong policy in favor of decisions on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id*. Here, Defendants have failed to appear, respond, or otherwise participate in this action. Therefore, this final *Eitel* factor does not weigh against granting default judgment.

       **7.**    **Conclusion as to *Eitel* Factors**

In sum, the *Eitel* factors weigh in favor of granting default judgment on Plaintiff's conversion claim. The Court next turns to the issue of remedies.

**IV.**    **REMEDIES**

Plaintiff's motion seeks: (1) $839,150 in compensatory damages; and (2) $1,205.50 in costs.

    **A. Compensatory Damages**

"A plaintiff seeking default judgment 'must … prove all damages sought in the complaint.'" *HICA Educ. Loan Corp. v. Warne*, 2012 WL 1156402, at *4 (N.D. Cal. Apr. 6, 2012) (quoting *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010)). Here, as proof of damages, Plaintiff presents a forensic report that details the damages incurred by CHOC and SJH as a consequence of Defendants' scheme to convert cash payments for valet parking. (Leibowitz Dec. Ex. I, Doc. 53-2 at 17–33.) Meaden & Moore, LLP, an accounting and business consulting firm composed the report, which recommends a "loss measurement" of $839,186 based on its analysis Defendants' process for converting the cash payments and a prior analysis conducted by Ernst and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00700-JLS-JDE                                   Date: December 21, 2022
Title:  National Union Fire Insurance Company of Pittsburg, PA. v. Ian Akins et al

Young.  (*Id.*)  The evidence substantially supports Plaintiff's claim for $839,150 in damages.

### B. Costs

Plaintiffs also seek litigation costs in an amount of $1,205.50.  The Court concludes that an award of litigation costs in the amount Plaintiff seeks is appropriate.

### V.   CONCLUSION

For the above reasons, Plaintiff's Motion for Default Judgment is GRANTED as follows:

- The Court GRANTS Plaintiff's request for $839,150 in compensatory damages.

- The Court GRANTS Plaintiff's request for $1,205.50 in litigation costs.

Because Plaintiff has already submitted a proposed judgment to the Court (Doc. 53-6), the Court's judgment shall issue separately and concurrently with this Order.

Initials of Deputy Clerk:  vrv